UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Edward Combs, Janiqua Mayo, Martin Sierra, Dreshon Weaver-Moore, and William Pertha *on behalf of themselves and others similarly situated in  the proposed FLSA Collective Action*,

                              *Plaintiffs*,

        - against -

Same Day Delivery Inc., Scott Weinstein, and Bene Ewerton

                              *Defendants*.
----------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiffs Edward Combs ("Coombs"), Janiqua Mayo ("Mayo"), Martin Sierra ("Sierra") Dreshon Weaver-Moore ("Weaver-Moore") and William Pertha ("Pertha", and collectively, the "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Same Day Delivery Inc. (the "Corporate Defendant"), Scott Weinstein, and Bene Ewerton (together, the "Individual Defendants", and collectively with the Corporate Defendant, the "Defendants") and state as follows:

## NATURE OF THE ACTION

1. Defendants own, operate and/or control a courier delivery service known as "Same Day Delivery".

2. Defendants pride themselves on having "decades in the delivery business in the Northeast, [that] employ more than 900 hard working [*sic*] people and use a variety of equipment, including more than 500 company owned vans, plus rickshaws, and hand carts to provide quality,

1

reliable 'last-mile' delivery of goods." *See* https://www.samedaydeliveryny.com/

3. Defendants pride themselves as being "one of the first delivery companies helping folks economically deliver orders placed online." *See* https://www.samedaydeliveryny.com/e-commerce-solutions/

4. Defendants offer their deliver drivers "competitive wages," and incentivize them with the promise of "substantial tips from customers." *See* https://www.samedaydeliveryny.com/employment/.

5. To accomplish their business goals, Defendants fail to pay their delivery drivers, including Plaintiffs, legally required wages under the FLSA and NYLL, including overtime.

6. In addition, Defendants maintain an illegal policy and practice of appropriating their delivery drivers', including Plaintiffs', tipped wages.

7. Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

8. Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, unpaid spread-of-hours, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

10. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

11. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF EDWARD COOMBS**

12. Plaintiff Coombs is a resident of Brooklyn, New York.

13. Plaintiff Coombs was employed as a delivery driver at Same Day Delivery from on or around April 2019 through and including February 2020.

14. Plaintiff Coombs was employed as a non-managerial employee at Same Day Delivery from on or around 2019 through and including February 2020.

15. At all relevant times, Plaintiff Coombs has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF JANIQUA MAYO**

16. Plaintiff Mayo is a resident of Brooklyn, New York.

17. Plaintiff Mayo was employed as a delivery driver and supervisor at Same Day Delivery from on or around July 2019 through and including November 4, 2020.

18. Plaintiff Mayo was employed as a non-managerial employee at Same Day Delivery from on or around July 2019 through and including November 4, 2020.

19. At all relevant times, Plaintiff Mayo has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF MARTIN SIERRA**

20. Plaintiff Sierra is a resident of Manhattan, New York.

21. Plaintiff Sierra was employed as a delivery driver at Same Day Delivery from on or around May 20, 2020 through and including October 16, 2020.

22. Plaintiff Sierra was employed as a non-managerial employee at Same Day Delivery from on or around May 20, 2020 through and including October 16, 2020.

23. At all relevant times, Plaintiff Sierra has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF DRESHON WEAVER-MOORE**

24. Plaintiff Weaver-Moore is a resident of Manhattan, New York.

25. Plaintiff Weaver-Moore was employed as a delivery driver at Same Day Delivery from on or around May 20, 2020 through and including November 6, 2020.

26. Plaintiff Weaver-Moore was employed as a non-managerial employee at Same Day Delivery from on or around May 20, 2020 through and including November 6, 2020.

27. At all relevant times, Plaintiff Weaver-Moore has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF WILLIAM PERTHA**

28. Plaintiff Pertha is a resident of Wilkes-Barre, Pennsylvania.

29. Plaintiff Pertha was employed as a delivery driver at Same Day Delivery from on or around September 2020 through and including November 6, 2020.

30. Plaintiff Pertha was employed as a non-managerial employee at Same Day Delivery from on or around September 2020 through and including November 6, 2020.

31. At all relevant times, Plaintiff Pertha has been an employee within the meaning of

Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT SAME DAY DELIVERY INC.**

32. Upon information and belief, Defendant Same Day Delivery Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2403 2nd Avenue, Floor 2 New York, NY 10035, and an alternate address at 6 Orangetown Court, Orangeburg, NY, 10962.

33. At all times relevant to this Complaint, Defendant Same Day Delivery Inc. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

34. At all times relevant to this Complaint, Defendant Same Day Delivery Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

35. At all times relevant to this Complaint, Defendant Same Day Delivery Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT SCOTT WEINSTEIN**

36. Defendant Scott Weinstein is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

37. Defendant Scott Weinstein is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

38. Defendant Scott Weinstein possesses or possessed operational control over the

Corporate Defendant, or controlled significant functions of the Corporate Defendant.

39. Defendant Scott Weinstein determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

40. At all times relevant to this Complaint, Defendant Scott Weinstein was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT BENE EWERTON**

41. Defendant Bene Ewerton is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

42. Defendant Bene Ewerton is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

43. Defendant Bene Ewerton possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

44. Defendant Bene Ewerton determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

45. At all times relevant to this Complaint, Defendant Bene Ewerton was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

46. The Individual Defendants possess operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendants, and control significant

functions of the Corporate Defendant.

47. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

48. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

49. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

50. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

51. Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

    b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d. operating the Corporate Defendant for their own benefit as the majority

      shareholders;

   e.    operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

   f.    intermingling assets and debts of their own with the Corporate Defendant;

   g.    diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

   h.    other actions evincing a failure to adhere to the corporate form.

52. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

53. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

*Edward Coombs*

54. Plaintiffs and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

55. Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

56. Coombs was an employee of Defendants.

57. Coombs worked as a delivery driver at "Same Day Auto".

58. At Same Day Auto, Coombs regularly worked in excess of forty (40) hours per week.

59. From approximately April 2019 through and including February 2020, Coombs

worked five (5) to six (6) days a week: from as early as 2:00 p.m. to as late as 10:00 p.m., for a total of approximately eight (8) hours each day, and for a total period of approximately 40 to 48 hours during each of the weeks, respectively.

60. From approximately April 2019 through and including February 2020, Defendants paid Coombs $15.00 per hour for all hours worked.

*Janiqua Mayo*

61. Mayo was an employee of Defendants.

62. Mayo worked as a delivery driver and supervisor at "Same Day Auto".

63. At Same Day Auto, Mayo regularly worked in excess of forty (40) hours per week.

64. From approximately July 2019 through and including October 2019, Mayo worked seven (7) days a week: from as early as 1:00 p.m. to as late as 1:00 a.m., for a total of approximately twelve (12) hours each day, and for a total period of approximately 84 hours during each of the weeks, respectively.

65. From approximately November 2019 through and including November 4, 2020, Mayo worked five (5) to seven (7) days a week: from as early as 1:00 p.m. to as late as 1:00 a.m., for a total of approximately twelve (12) hours each day, and for a total period of approximately 60 to 84 hours during each of the weeks, respectively.

66. From approximately July 2019 through and including November 4, 2020, Defendants paid Mayo $17.00 per hour for all hours worked.

*Martin Sierra*

67. Sierra was an employee of Defendants.

68. Sierra worked as a delivery driver at "Same Day Auto".

69. At Same Day Auto, Sierra regularly worked in excess of forty (40) hours per week.

70. From approximately May 20, 2020 through and including October 16, 2020, Sierra worked five (5) to six (6) days a week: from as early as 3:00 p.m. to as late as 10:00 p.m., for a total of approximately seven (7) hours each day, and for a total period of approximately 35 to 42 hours during each of the weeks, respectively.

71. From approximately May 20, 2020 through and including October 16, 2020, Defendants paid Sierra $15.00 per hour for all hours worked.

*Dreshon Weaver-Moore*

72. Weaver-Moore was an employee of Defendants.

73. Weaver-Moore worked as a delivery driver at "Same Day Auto".

74. At Same Day Auto, Weaver-Moore regularly worked in excess of forty (40) hours per week.

75. From approximately May 20, 2020 through and including November 6, 2020, Weaver-Moore worked five (5) to six (6) days a week: from as early as 3:00 p.m. to as late as 10:00 p.m., for a total of approximately seven (7) hours each day, and for a total period of approximately 35 to 42 hours during each of the weeks, respectively.

76. From approximately May 20, 2020 through and including November 6, 2020, Defendants paid Weaver-Moore $15.00 per hour for all hours worked.

*William Pertha*

77. Pertha was an employee of Defendants.

78. Pertha worked as a delivery driver at "Same Day Auto".

79. At Same Day Auto, Pertha regularly worked in excess of forty (40) hours per week.

80. From approximately September 2020 through and including November 6, 2020, Pertha worked five (5) to six (6) days a week: from as early as 3:00 p.m. to as late as 10:00 p.m.,

for a total of approximately seven (7) hours each day, and for a total period of approximately 35 to 42 hours during each of the weeks, respectively.

81. From approximately September 2020 through and including November 6, 2020, Defendants paid Pertha $15.00 per hour for all hours worked.

*Factual Allegations Pertaining to all Plaintiffs*

82. Plaintiffs, and all other similarly situated individuals', were required to start and end their day at their workdays at pre-assigned dispatch locations, including the dispatch location located at 2 St Ann's Avenue, Bronx, NY 10454.

83. Defendants' employees, including Plaintiffs, were required to return to their pre-assigned dispatch location in between every delivery, to be assigned routes.

84. Defendants' delivery drivers, including Plaintiffs Coombs, Sierra, Weaver-Moore and Pertha, typically clocked-in and clocked-out, at the beginning and at the end of their shift, using an "ADP" Smartphone app.

85. Although delivery drivers, including Plaintiffs Coombs, Sierra, Weaver-Moore and Pertha, clocked-in and clocked-out, and at the beginning and at the end of their shift, Defendants had a policy and practice of not permitting certain their supervisors, including Plaintiff Mayo, to clock-in or to clock-out.

86. Although Defendants had time keeping system that could have recorded the precise times that Defendants' supervisors, including Plaintiff Mayo, began and finished work every day, Defendants' policy and practice was to have their supervisors, including Plaintiff Mayo, withhold their actual start and end times.

87. Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those

hours.

88. Plaintiffs' wages did not vary regardless of how many additional hours they worked in a week.

89. At all relevant times, Defendants did not compensate Plaintiffs for one hour's pay at the basic minimum hourly wage rate for each day their shift exceeded ten (10) hours.

90. Defendants never granted Plaintiffs with meal breaks or rest periods of any length.

91. Plaintiffs were not required to keep track of their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked.

92. No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

93. Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

94. Defendants did not give any notice to Plaintiffs, in Plaintiffs' primary language, of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

95. At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

96. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs', all other similarly situated individuals', tipped wages,

97. Defendants unlawfully appropriated between $100 to $700 in tipped wages, per employee, per week.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

98. Plaintiffs bring the First, Second, Third, and Sixth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to delivery drivers and supervisors) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

99. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

100. The First, Second, Third, and Sixth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

101. Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

102. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

103. At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

104. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

105. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

106. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

107. Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

108. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

109. Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

110. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

111. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled

under the NYLL.

112. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

113. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Spread-of-Hours Pay)

114. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

115. Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

116. By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

117. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### FOURTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

118. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

119. The NYLL and the WTPA require employers to provide all employees with a

written notice of wage rates at the time of hire.

120. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

121. Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FIFTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

122. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

123. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

124. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## SIXTH CLAIM
### (NYLL – Unlawful Deductions from Tips)

125. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

126. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

127. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

128. Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

129. Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

130. Plaintiffs were damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

|     |     |
| --- | --- |
| c.  | issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs; |
| d.  | declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations; |
| e.  | declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations; |
| f.  | declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA; |
| g.  | declaring that Defendants violated the tip theft provisions of the NYLL and the NYDOL regulations; |
| h.  | awarding Plaintiffs unpaid overtime wages; |
| i.  | awarding Plaintiffs unpaid spread-of-hours pay; |
| j.  | awarding Plaintiffs unpaid tipped wages; |
| k.  | awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due; |
| l.  | awarding unpaid wages under the NYLL and the New York State contract law; |
| m.  | awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL; |
| n.  | awarding Plaintiffs pre- and post-judgment interest under the NYLL; |
| o.  | awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and |
| p.  | Such other relief as this Court deems just and proper. |

Dated: New York, New York
      January 20, 2022                    Respectfully submitted,

                                                By: /s/ Joshua Levin-Epstein
                                                     Joshua Levin-Epstein

>Jason Mizrahi
>Levin-Epstein & Associates, P.C.
>60 East 42nd Street, Suite 4700
>New York, New York 10165
>Tel: (212) 792-0046
>Email: Joshua@levinepstein.com
>*Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*