**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**EDWARD COMBS, JANIQUA MAY, MARTIN SIERRA,**
**DRESHON WEAVER-MOORE, and WILLIAM PERTHA,**
*on behalf of themselves and others similarly situated*
*in the proposed FLSA Collective Action*,                    **Docket No.: 22-cv-00520 (MKV)**

                              **Plaintiff,**

              **-against-**

**SAME DAY DELIVERY INC., SCOTT WEINSTEIN,**
**and BENE EWERTON,**

                              **Defendants.**
-------------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO VACATE THE SEPTEMBER 2, 2022 ARBITRAL AWARD**


*Of counsel*
Matthew A. Brown


**MILMAN LABUDA LAW GROUP PLLC**
**\*     \*     \*     \***
**3000 MARCUS AVE., SUITE 3W8**
**LAKE SUCCESS, NY 10042**
**(516) 328-8899**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................... 1

RELEVANT PROCEDURAL BACKGROUND ....................................................... 2

STANDARD ............................................................................................................... 7

ARGUMENT ............................................................................................................ 10

    POINT I .............................................................................................................. 10
    THE ISSUES PRESENTED IN PLAINTIFFS' MOTION ARE NOT RIPE FOR
    REVIEW BECAUSE THE ARBITRATOR HAS NOT ISSUED A FINAL AWARD
    .......................................................................................................................... 10

    POINT II ............................................................................................................. 13
    THE COURT SHOULD NOT VACATE OR MODIFY THE AWARD................... 13

CONCLUSION ........................................................................................................ 23

## TABLE OF AUTHORITIES

**Cases**

Am Exp. Co. v. Italian Colors Rest., 570 U.S. 228 (2013)…………………………………..15

Balderas v. 8 Chelsea Corp., 2019 WL 3429500 (S.D.N.Y. 2019) ........................................ 15

Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255, 260 (2d Cir. 2003) 9

Boss v. Am. Express Fin. Advisors, Inc., 15 A.D.3d 306 (1st Dept 2005)…………………..22

British Ins. Co. of Cayman v. Water St. Ins. Co., 93 F.Supp.2d 506, 514 (S.D.N.Y.2000)
.................................................................................................................................... 17,23

Cayetano v. Fed. Express Corp., 19-cv-10619-AT at Dkt. No. 21 (S.D.N.Y. 2022) ............. 16

Chu Chung v. New Silver Palace Rest., Inc., 272 F.Supp.2d 314 (S.D.N.Y. 2003) ............. 21

Ciago v. Ameriquest Mortg. Co., 295 F. Supp. 2d 324, 329 (S.D.N.Y. 2003)...................... 21

Daum Global Holdings Corp., 2014 U.S. Dist. LEXIS 30031 at *3 (S.D.N.Y. 2014).......... 11

Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388, 389, 390 (2d
Cir. 2003) ...................................................................................................................... 8,9,19

Giller v. Oracle USA, Inc., 512 F. App'x 74, 74 (2d Cir. 2013)............................................ 18

Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991) ........................................ 21

Goldman Sachs Execution & Clearing, L.P. v. Official Unsecured Creditors' Comm. Of
Bayou Grp., 491 Fed. Appx. 201, 204 (2d Cir. 2013)(....................................................... 9

Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002) .................... 9, 16,17

Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 202 (2d Cir. 1998) ........................................ 17

Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84-85, 123 S. Ct. 588, 154 L. Ed. 2d
491 (2002) ......................................................................................................................... 14

Hunt v. Raymour & Flanigan, 105 AD3d 1005 (2d Dept 2013)………………………………..23

Jamaica Hosp. Med. Ctr. V. Carrier Corp., 5 A.D.3d 442, 443 (2nd Dept 2004)…………..23

John J. Kassner & Co. v. City of New York, 46 N.Y.2d 544 (1979)………………………..22

Kasraie v. Jumeirah Hospitality & Leisure (USA), Inc., 2013 US Dist LEXIS 147805, at *17-
18 (S.D.N.Y. Oct. 10, 2013)………………………………………………………………..23

Keller v. About, Inc. 2021 U.S. Dist. LEXIS 86235 (S.D.N.Y. 2021)............................. 16,22

Kerr Mc-Gee Ref. Corp. v. MIT Triumph, 924 F.2d 467, 471 (2d Cir. 1991) ..................... 11

Kloppel v. HomeDeliveryLink, Inc., 2019 U.S. Dist. LEXIS 199891 (W.D.N.Y. 2019) ...... 21

Konkur v. Utica Academy of Science Charter Sch., 38 N.Y.3d 38, 41 (2022) ..................... 21

Local 97, Int'l Bd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp., 196
F.3d 117, 125 (2d Cir. 1999)......................................................................................... 9, 10

Mancilla v. ABM Indus, 2020 U.S. Dist. LEXIS 136484, at *23 (S.D.N.Y. 2020).............. 21

Matter of Arb. Between Ne. Marine Iron Works & B.S.L. Cruises, Inc., 1992 WL 349841, at
*2 (S.D.N.Y. Nov. 10, 1992) ............................................................................................ 15

Metallgesellschaft A.G v. M/V Captain Constante, 790 F.2d 280, 283 (2d Cir. 1986) ......... 11

Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 413, 414 (2d Cir. 1980).... 10,11,12, 13

Moorning-Brown v. Bear, Stearns & Co., 2004 U.S. Dist. LEXIS 26279, at *3 (S.D.N.Y. Jan.
5, 2005) ............................................................................................................................. 19

Neshgold LP v. New York Hotel & Motel Trades Council, AFL-CIO, 2013 U.S. Dist. LEXIS
134923, 2013 WL 5298332, at *8 (S.D.N.Y. Sept. 19, 2013)........................................... 20

Niagara Mohawk, 196 F.3d at 125........................................................................................ 10

Patterson-Priori v. Unum Life Ins. Co. of Am., 846 F. Supp. 1102, 1105 (E.D.N.Y. 1994)..23

Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115 (2d Cir. 2010) ................................. 15

ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d 81, 85 (2d Cir. 2009)........ 14
Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174, 176 (2d Cir. 1998). 11
Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477 (1989) ............................ 8
Sablosky v. Edward S. Gordon, Co., 73 N.Y.2d 133, (1989).................................................. 21
Schwartz v. Merrill Lynch & Co., 665 F.3d 444, 452 (2d Cir. 2011) .................................... 20
Siegel v. Titan Indus. Corp., 779 F.2d 891, 892-93 (2d Cir. 1985)...................................... 9,17
St. Mary Home v. SEIU, Dist. 1199, Dist. 1199, 116 F.3d 41, 45 (2d Cir. 1997)................. 20
STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, 648 F.3d 68, 74, 78 (2d Cir.
   2011) ........................................................................................................................... 7,16
Structural Contr. Servs., Inc. v URS Corp. - N.Y., 31 Misc 3d 1208(A), 929 N.Y.S.2d 203
(Sup Ct, Westchester County 2011)………………………………………………………………23
T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010) ........ 9
Tarulli v. Circuit City Stores, Inc., 333 F. Supp. 2d 151, 156 (S.D.N.Y. 2004) ................... 21
Toure v. Thunder Lube Inc., 2019 WL 4805197 (E.D.N.Y. 2019) ....................................... 15
United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 43 (1987)............................. 10
Wallace v. Buttar, 378 F.3d 182, 193 (2d Cir. 2004) .......................................................... 19
Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 208, 220 (2d Cir. 2002)............. 8,14
Wilko v. Swan, 346 U.S. 427, 436, 74 S. Ct. 182, 98 L. Ed. 168 (1953) ............................... 8
Zeiler v. Deitsch, 500 F.3d 157, 169 (2d Cir. 2007)........................................................... 11,12
Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 588 (2d Cir. 2016) .................... 17

**Statutes**

9 U.S.C. § 9.......................................................................................................................... 7
9 U.S.C. § 10 ........................................................................................... 1, 8, 13, 14, 15
9 U.S.C. § 11(b) .................................................................................................................. 15
CPLR § 201 ................................................................................................................. 16, 22
Local Civil Rule 7.1(a)(1)...................................................................................................... 8
NYLL § 198-b(2) ........................................................................................... 2, 18, 20, 21

## PRELIMINARY STATEMENT

Plaintiffs have failed to overcome the significant hurdle to establish the arbitrator's award dated August 29, 2022 (the "Award") should be vacated under 9 U.S.C. 10(a) (the "FAA").[1]

The Award, which dismissed Plaintiffs' NYLL claims as time-barred, is not a final ruling that is ripe for the Court's review.[2]

Even assuming *arguendo* that Plaintiffs' motion is ripe for review, it amounts to nothing more than an inappropriate and pre-mature second "bite at the apple" with respect to enforcement of a provision contained in an arbitration agreement that shortens the time for Plaintiffs to file employment-related claims to six (6) months (the "SOL Clause").[3]

Plaintiffs' argument that the Award should be vacated and/or modified based on the "effective vindication" doctrine must be rejected because the "effective vindication" doctrine is not a basis upon which the Court can grant the requested relief as it solely relates to whether an arbitration agreement should be enforced in the first place. Plaintiffs' reliance on the "effective vindication" doctrine is too little too late, as they consented to and participated in arbitration proceedings, only protesting the SOL Clause in the context of dispositive motion practice.

Plaintiffs' argument that the Award should be vacated because the arbitrator engaged in a "manifest disregard" of the applicable law focuses on purported errors in fact, which cannot form a basis to vacate the Award.

---

[1] Plaintiffs refer to the Award as the "September 2, 2022 Arbitral Award." The Award is dated August 29, 2022, but was distributed to the parties on September 2, 2022.

Additionally, Plaintiffs improperly, without leave of court, amended the caption in the above-referenced matter to include additional individuals that were not named parties when Plaintiffs commenced this action.

[2] To the extent the Court rules that Plaintiffs motion is not pre-mature, Defendants request that the Court confirm the Award in its entirety.

[3] Plaintiffs have not set forth any request for relief with respect to the FLSA unlawful deduction claim that was dismissed for failure to state a claim upon which relief could be granted.

In a last-ditch effort to save their NYLL claims, Plaintiffs also argue that the Award violates public policy (i.e. conditioning employment on execution of arbitration agreements containing the SOL Clause is tantamount to an illegal kickback pursuant to NYLL § 198-b(2) in contravention of the NYLL's public policy).  They cite no legal support for this position because none exists, as courts routinely enforce agreements shortening the statutes of limitations for employment-related claims, including NYLL claims.

Accordingly, Plaintiffs' motion should be denied in its entirety and the arbitration Award should be confirmed.

## RELEVANT PROCEDURAL BACKGROUND

### I.    The Complaint Is Filed and Opt-In Plaintiffs Join the Case

On January 20, 2022 Edward Coombs ("Coombs"), Janiqua Mayo ("Mayo"), Martin Sierra ("Sierra"), Dreshon Weaver-Moore ("Weaver-Moore") and William Pertha ("Pertha") (collectively hereinafter "Named Plaintiffs") commenced an action in this court alleging violations of the FLSA and NYLL (the "SDNY Action"). [Dkt. No. 1]. Thereafter, on January 31, 2022 and February 8, 2022, Wayne Reed ("Reed") and Erhuayi Omoregie ("Erhuayi") (collectively hereinafter "Opt-In Plaintiffs") filed consent to sue forms joining the SDNY Action as opt-in Plaintiffs. [Dkt. Nos. 12, 15].[4]

### II.   The SDNY Action Is Dismissed Pursuant to A Stipulation to Arbitrate

On February 18, 2022, the parties submitted a joint letter informing the Court that they agreed "to resolve the instant wage-and-hour action in arbitration" and requested a stay of the SDNY Action. [Dkt. No. 17].

On April 6, 2022, the Court issued an order, *inter alia*, directing the parties,

---

[4] Named Plaintiffs, Opt-In Plaintiffs and Djuan Collins ("Collins") are collectively hereinafter referred to as "Plaintiffs." Defendants note that Collins was not a party to the SDNY Action but joined the arbitration proceedings when he was added as a party in the Amended Statement of Claim.

> "to file a joint letter regarding whether a stay in this matter is necessary, or whether the goals of any stay could be achieved by a joint agreement between the Parties with respect to a voluntary dismiss … without prejudice and a tolling of any statute of limitations during the pendency of the arbitration."

[Dkt. No. 19].

Thereafter, on April 12, 2022, the parties stipulated to arbitrate the claims at issue, dismiss the SDNY Action without prejudice and toll the statute of limitations for the claims asserted in the SDNY Action as of January 20, 2022 (the "Stipulation"). [Dkt. No. 20]. Critically, the Stipulation provides "WHEREAS <u>Plaintiffs</u> <u>have</u> <u>executed</u> <u>certain</u> <u>arbitration</u> <u>agreements</u> …" and "WHEREAS, the parties have agreed to refer all claims to arbitration and dismiss the [SDNY] Action without prejudice." <u>Id</u>. (emphasis added).

On April 13, 2022, the Court so ordered the Stipulation and marked the case terminated. [See Dkt. Date Terminated: 04/13/22; Dkt. No. 21].

## III.   **The Arbitration Proceedings**

### a.   **Plaintiffs File For Arbitration & Select An Arbitrator**

Plaintiffs (other than Collins) filed a demand for arbitration on March 3, 2022 at ADR Systems of America ("ADR Systems"). (Brown Dec., Ex. "1"). The demand enclosed (a) a Statement of Claim ("SOC") and (b) a copy of the arbitration agreement executed by Erhuayi which was referred to as "[a] copy of the operative arbitration agreement" with respect to all claims at issue. <u>Id</u>.[5] The SOC also included the allegation that ADR Systems "has jurisdiction over the dispute based on paragraph 2 of the parties' arbitration agreement …"). (See SOC attached to Brown Dec., Ex. "1", ¶ 9).[6]

---

[5] ADR Systems Commercial Rule 3.4(b) requires that any demand for arbitration include the "text of the applicable arbitration clause or submission agreement." (Brown Dec. Ex. "2").

[6] The Amended Statement of Claim ("ASOC") filed on May 23, 2022 contains the same allegation. (Mizrahi Dec., Ex. "C", ¶ 9).

3

On March 29, 2022, the parties mutually agreed to select Arbitrator James A. Brown, Esq. ("Arbitrator Brown"). (Brown Dec., Ex. "3").

### b. Plaintiffs File the Amended Statement of Claim & Defendants Are Granted Leave to File A Motion to Dismiss

Eventually on May 23, 2022, Plaintiffs filed the ASOC in arbitration without prior authorization, adding (a) Collins as a party and (b) an ill-fated tip-related FLSA claim. (Mizrahi Dec., Ex "C").[7]

On June 15, 2022 Arbitrator Brown issued an order that (a) the ASOC was accepted as the operative pleading, and (b) Defendants were granted leave to file their motion to dismiss ("MTD") with regard to "the alleged violations of the [NYLL], based on the arbitration clause's six-month limitations period" and "[Plaintiffs'] Seventh Claim ("Unlawful Wage Deductions under the FLSA")." (Mizrahi Dec., Ex. "B").

### c. Defendants' Motion to Dismiss

In their MTD, Defendants argued, *inter alia*, that the SOL Clause is neither substantively nor procedurally unconscionable, let alone both, as required to establish an unconscionability defense. (Brown Dec., Ex. "4"). Specifically, Defendants argued that the SOL Clause is not substantively unconscionable because New York law permits parties to enter into agreements shortening statutes of limitations and that courts routinely enforce agreements shortening the statute of limitations for employment-based claims to six (6) months as reasonable. Id. Defendants also argued that Plaintiffs waived any procedural unconscionability argument because they never raised same in the SDNY Action and otherwise conceded the issue by entering into the Stipulation. Id. In addition, Defendants argued that the SOL Clause was not a "sprawling release" of claims as Plaintiffs argued in a prior letter opposing Defendants' request

---

[7] Jason Mizrahi Esq.'s declaration in support of the instant Motion shall hereinafter be referred to as "Mizrahi Dec."

for leave to file the MTD, but solely required claims to be filed in the agreed upon time period. Id. Lastly, Defendants argued that by continuing to work after entering into the arbitration agreements (the "Arbitration Agreements"), Plaintiffs manifested their consent to their terms, including the SOL Clause. Id.[8]

In their opposition, Plaintiffs made numerous unsupportable arguments, including the following: (a) they never signed the Arbitration Agreements containing the SOL Clause, despite previously conceding they signed the Arbitration Agreements, (b) they are entitled to discovery regarding the enforceability of the SOL Clause, and (c) the SOL Clause is unenforceable because it is "manifestly unfair" and violates "public policy." (Mizrahi Dec., Ex. "D").

Defendants served their reply in further support of their motion to dismiss on July 27, 2022, addressing each of Plaintiffs' arguments. (Brown Dec., Ex. "5"). In the reply, Defendants argued that (a) Plaintiffs' new argument that they did not execute the Arbitration Agreements is barred because, *inter alia*, Plaintiffs waived any such contract formation argument by entering into the Stipulation and filing the Arbitration under the premise that the Arbitration Agreement was the operative contract between the parties, (b) discovery is not required concerning unconscionability of the SOL Clause because (1) Plaintiffs waived any argument regarding unconscionability by failing to raise it in the SDNY Action and instead entered into the Stipulation, (2) Plaintiffs waived arguments as to procedural unconscionability by entering into the Stipulation, (3) to prevail on an unconscionability argument, Plaintiffs must prevail on both substantive and procedural grounds, but the Arbitration Agreement is neither (let alone both), (4) the SOL Clause is not substantively unconscionable because it is permissible and reasonable in length, (5) Plaintiffs acquiesced to the Arbitration Agreement's terms by continuing to work, (6)

---

[8] In the MTD, Defendants cited and referred to Collins' arbitration agreement as Exhibit "B". (See Brown Dec., Ex. "4", p. 2, fn.2). However, Defendants inadvertently attached Exhibit "B" from Defendants' request for leave to file the MTD, which is identical to MTD Exhibit "D". (Brown Dec. ¶ 8). The correct Exhibit "B" was a copy of Collins' arbitration agreement. Id., see Ex. "4" including corrected Exhibit "B."

Plaintiffs cited to no evidence raising any issues of fact concerning unconscionability other than conclusory allegations; and (c) there are no public policy considerations that render the SOL Clause unenforceable. Id.

### d.   Arbitrator Brown's August 29, 2022 Opinion and Order

Arbitrator Brown issued the Award, styled as an opinion and order, granting the MTD in its entirety on August 29, 2022. (Mizrahi Dec., Ex. "E").

As a threshold matter, Arbitrator Brown first rejected Plaintiffs' argument that material issues of fact existed concerning their execution of the Arbitration Agreements because Plaintiffs entered into the so ordered Stipulation wherein they acknowledged "the existence of binding Arbitration Agreements" which they executed. Id. at p. 8-9.

Arbitrator Brown further explained that, pursuant to the Stipulation, Plaintiffs (a) agreed to submit to ADR Systems' exclusive jurisdiction on all matters, and (b) failed to "reserve their rights to argue arbitrability based on unexecuted Arbitration Agreements. Id. at p. 8. As a final point on the issue, Arbitrator Brown noted that Plaintiffs' conduct preceding the dispositive motion "is entirely consistent with their representation in federal court that they executed the Arbitration Agreements." Id. at p. 9. Based on the foregoing, he ruled that "the parties entered fully executed Arbitration Agreements … [and] that there are no material issues of fact, as to whether the Arbitrations Agreements were executed, that warrant discovery …" Id.

Next, Arbitrator Brown ruled that the SOL Clause was not unconscionable. Id. at pp. 9-11.  Specifically, he cited to "legal authority that a contractual six-month time limitation for bringing New York labor Law claims is not substantively unconscionable and is thus enforceable." Id. at p. 10 (internal citations omitted). Thus, he concluded that, since the SOL Clause is not substantively unconscionable, dismissal was warranted because, to establish unconscionability, both substantive and procedural unconscionability must be established.

Similarly, Arbitrator Brown specifically rejected Plaintiffs' argument that the SOL Clause violated public policy by preventing the "effective vindication" of their rights under the NYLL. Id. at p. 13. He reasoned that Plaintiffs had only cited authority with respect to agreements shortening the FLSA's statute of limitations and reiterated that the shortening of the NYLL's statute of limitations to six (6) months has been held to be permissible by courts. Id. As such, Arbitrator Brown ruled that he "cannot conclude that the Arbitration Agreement's six-month time imitation would prevent the 'effective vindication' of the [Plaintiffs'] rights under the [NYLL] when that shortened time limitation has otherwise been deemed enforceable." Id.[9]

## STANDARD[10]

### a.  The FAA Standard to Confirm or Vacate An Arbitration Award

The FAA provides that after an arbitration award is issued, "a party may apply to a district court for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in [S]ections 10 and 11 of this title." STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, 648 F.3d 68, 74 (2d Cir. 2011) quoting 9 U.S.C. § 9. Furthermore, "courts must grant an arbitration panel's decision great deference. A party, as in this case, petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances

---

[9] Arbitrator Brown dismissed the Seventh Claim for failure to state an "action cognizable at law" because, *inter alia*, the FLSA's regulations regarding kickbacks do not establish a cause of action to recover service charges and claims of illegal tip retention do not violate the FLSA. Id. at p. 12. (internal citations omitted).

[10] Plaintiffs include a lengthy facts section summarizing the conclusory and self-serving allegations contained in the pleadings (e.g. that (a) Defendants allegedly have a track record of misappropriating wages and have been sued other times, (b) Plaintiffs were "grossly exploited", and (c) they adequately plead the factual underpinnings of their claims). The only relevant facts are those concerning Plaintiffs' periods of employment, which all ended between October 31, 2019 and November 6, 2020. (see Mizrahi Ex. "C", ¶¶ 10, 13, 16, 19, 22, 25, 28, 31). Plaintiffs' NYLL claims were dismissed as time-barred by the SOL Clause shortening the statute of limitations to file claims to six (6) months. The tolling date of January 20, 2022 does not save their claims as it was well beyond the contractually shortened period to assert NYLL claims.

delineated by statute and case law." <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 388 (2d Cir. 2003). Under Section 10 of the FAA, courts may vacate an arbitration award on four (4) narrow grounds:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

### b. <u>Additional Grounds to Vacate An Arbitration Award</u>[11]

Plaintiffs also seek to vacate or modify the Award based on additional bases not contained in 9 U.S.C. § 10.

First, they argue that Arbitrator Brown exhibited a "manifest disregard of law." Although not a reason delineated under the FAA, the Second Circuit has ruled that a court may vacate an award if the arbitrator "exhibited a 'manifest disregard' of law." <u>See e.g.</u>, <u>Westerbeke Corp. v. Daihatsu Motor Co.</u>, 304 F.3d 200, 208 (2d Cir. 2002) <u>quoting</u> <u>Wilko v. Swan</u>, 346 U.S. 427, 436, 74 S. Ct. 182, 98 L. Ed. 168 (1953), <u>overruled on other grounds</u>, <u>Rodriguez de Quijas v. Shearson/Am. Express, Inc.</u>, 490 U.S. 477 (1989). However, it is well established that the "manifest disregard" doctrine is one of "last resort" and is limited "only to those exceedingly rare

---

[11] The Motion is procedurally defective since it fails to comply with Local Civil Rule 7.1(a) which requires, in part, a notice of motion, specifying "the applicable rules or statutes pursuant to which the motion is brought . . ." Local Civil Rule 7.1(a)(1). Here, the Notice of Motion states that Plaintiffs seek an order vacating and/or modifying the Award "pursuant to, *inter alia*, the [FAA]" without asserting any other basis for relief.

instances where some egregious impropriety on the part of the arbitrators is apparent." Duferco, 333 F.3d at 389; see also Goldman Sachs Execution & Clearing, L.P. v. Official Unsecured Creditors' Comm. Of Bayou Grp., 491 Fed. Appx. 201, 204 (2d Cir. 2013)(observing that "[t]he manifest disregard standard is, by design, exceedingly difficult to satisfy"). Thus, the party alleging an arbitrator's manifest disregard of the law "bears a heavy burden." T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010)(internal citation omitted).

To determine whether such impropriety is apparent, the Second Circuit engages in a two-pronged analysis. First, the reviewing court must find that the arbitrator ignored clearly defined law that was "in fact explicitly applicable to the matter before" him. Id. at 339 (internal citation omitted). "[M]isapplication of an ambiguous law does not constitute manifest disregard." Id. Second, the court must find that the applicable law was in fact ignored or improperly applied, leading to an erroneous outcome. "Even where explanation for an award is deficient or non-existent, [the court] will confirm it if a justifiable ground for the decision can be inferred from the facts of the case." Id. Therefore, "[t]he erroneous application of rules of law is not a ground for vacating an arbitrator's award." Siegel v. Titan Indus. Corp., 779 F.2d 891, 892-93 (3d Cir. 1985); see also Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002) ("Given the deference afforded arbitration decisions, this standard requires more than a mistake of law or a clear error in fact finding."). A federal court must confirm an arbitration award--even if the court disagrees with it on the merits--so long as there "is a barely colorable justification for the outcome reached." Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255, 260 (2d Cir. 2003)(emphasis in original).

Second, Plaintiffs seek to vacate the Award because it violates public policy. The public policy exception is "extremely limited," however, and the party moving to vacate must establish its existence. See Local 97, Int'l Bd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power

Corp., 196 F.3d 117, 125 (2d Cir. 1999). A reviewing court's authority to vacate on public policy grounds is restricted to "situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 43 (1987) (internal citation omitted). Furthermore, a court may vacate only if "it can demonstrate that the policy is one that specifically militates against the relief ordered by the arbitrator." Niagara Mohawk, 196 F.3d at 125 ("[T]he court must determine whether the award itself, as contrasted with the reasoning that underlies the award, create[s] [an] explicit conflict with other laws and legal precedents' and thus clearly violates an identifiable public policy.")(internal citation omitted).

*************************************

The Motion fails to set forth any basis for the Court to vacate or modify the Award and confirmation of the Award is warranted.

## ARGUMENT

## POINT I

**THE ISSUES PRESENTED IN PLAINTIFFS' MOTION ARE NOT RIPE FOR REVIEW BECAUSE THE ARBITRATOR HAS NOT ISSUED A FINAL AWARD**

Plaintiffs argue that the Court has authority to review the Award, although there has been no final award resolving the Arbitration. Plaintiffs are wrong and the Motion is premature.

The Second Circuit has clearly established that under the FAA a district court only has the power to confirm or vacate a "final" arbitration award. Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 414 (2d Cir. 1980). Generally, to be "final" and "definite," an arbitration award "must resolve all the issues submitted to arbitration, and . . . must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues*

*submitted*, do not stand in need of further adjudication." <u>Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.</u>, 157 F.3d 174, 176 (2d Cir. 1998); <u>see also</u>, <u>Michaels</u>, 624 F.2d at 414 (where arbitrators only "make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable.").

Furthermore, "for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages." <u>Michaels</u>, 624. F.2d at 413-14. In <u>Michaels</u>, the Second Circuit held that an interim arbitration award "did not finally dispose of *any* of the claims submitted, since it left open the question of damages on the four counterclaims," and therefore the interim award was not final and the district court erred in reviewing it. <u>Id</u>. at 412-14 (emphasis added).

In this action, Plaintiffs' FLSA unpaid overtime claim remains pending. Yet, Plaintiffs argue that the Award falls under an exception to the finality principle since the Second Circuit has held that an "award that finally and conclusively disposes of a 'separate independent claim' may be confirmed even if it does not dispose of all the claims that were submitted to arbitration." <u>Kerr Mc-Gee Ref. Corp. v. MIT Triumph</u>, 924 F.2d 467, 471 (2d Cir. 1991); <u>see also</u> <u>Metallgesellschaft A.G v. M/V Captain Constante</u>, 790 F.2d 280, 283 (2d Cir. 1986).

The exception should not be applied in this action because the Second Circuit has held that an interim arbitration award can only be confirmed if the arbitrator's "decision[] require[s] specific action and do[es] not serve as a preparation or a basis for further decisions by the arbitrators." <u>Zeiler v. Deitsch</u>, 500 F.3d 157, 169 (2d Cir. 2007); <u>see</u>, <u>e.g.</u>, <u>Daum Global Holdings Corp.</u>, 2014 U.S. Dist. LEXIS 30031 at *3 (S.D.N.Y. 2014)(holding that an arbitration award is final because it "required specific action—payment of $250,000—and was not intended to serve as a preparation for further decisions").

Here, Arbitrator Brown utilized the term "interim relief" with respect to Plaintiffs' anticipated filing of the instant Motion.[12] See Michaels, 624 F.2d at 413-14 (the Second Circuit instructed that "[i]n order to be 'final,' an arbitration award must be *intended* by the arbitrators to be their complete determination of all claims submitted to them.")(emphasis added). Thus, Arbitrator Brown has explicitly stated that the Award is not a final order. Accordingly, the exception to the finality requirement is not applicable.

The exception is also not applicable because the Award is only a segment of a future conclusive award. For instance, Plaintiffs' FLSA unpaid overtime claim (i.e. the federal analog to the dismissed NYLL unpaid overtime claim) remains pending for adjudication on the merits and is interrelated to the dismissed NYLL claims. (Brown Dec. ¶ 11). Additionally, Plaintiffs could not have sought any additional unpaid wages under the NYLL since their entire periods of employment fall within the FLSA statute of limitations. Thus, the dismissed NYLL claims are not independent of the Plaintiff's FLSA claims, as a determination on the FLSA unpaid overtime claim is intertwined with any NYLL unpaid overtime claim (and therefore other related claims). The interrelated nature of the issues makes them inseparable. Accordingly, the Award is merely a "segment[] of a future conclusive award," and thus not final award subject to judicial review. Zeiler, 500 F.3d at 169 n.11.

Lastly, policy considerations otherwise weigh against reviewing the Award at this juncture. As the Second Circuit explained in Michaels, "[p]olicy considerations, no less than the language of the [FAA] and precedent construing it, indicate that district courts should not be called upon to review preliminary rulings of arbitrators." 624 F.2d at 414. Indeed, "applications

---

[12] On September 28, 2022, Arbitrator Brown issued an order (a) granting Plaintiffs 30 days to file papers in federal court seeking interim relief; (b) staying discovery "[t]o the extent interim relief is sought in federal court, and the court intervenes; (c) ruling that discovery will commence for surviving claims "[i]f interim relief is not sought, or a federal court does not intervene in this matter," and (d) scheduling another conference for November 15, 2022 for Plaintiffs' to provide a status report concerning any court filing. (Brown Dec., Ex. "6")(emphasis added).

for interlocutory relief result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision." Id. (internal quotation marks and citation omitted). This case illustrates that concern. It has been nearly a full year since the SDNY Action was filed, nearly ten (10) months since the Arbitration was filed and over three (3) months since the Award was issued. Now, the parties are required to wait for a decision on this Motion. In the meantime, Plaintiffs' FLSA unpaid overtime claim remains in limbo and will not likely be adjudicated until the Court issues a decision. All the while, the parties could complete the Arbitration for the sole remaining claim in short order, after which Plaintiffs would have the opportunity to seek a fully comprehensive judicial review of any final award on all claims. Instead, they have chosen to seek interim relief on a piecemeal basis which will result in an indeterminable delay to the Arbitration.

Accordingly, the Court should reject the Motion out of hand as premature.

## POINT II

## THE COURT SHOULD NOT VACATE OR MODIFY THE AWARD

### A. The Arbitrator Did Not Exceed His Authority

The only prong under 9 U.S.C. § 10(a) under which Plaintiffs argue the Award should be vacated is (4) on the ground that the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

In this regard, Plaintiffs merely argue in a conclusory fashion without any analysis that "[a]n arbitrator exceeds his authority only by (1) considering issues beyond those the parties have submitted for his consideration, or (2) reaching issues clearly prohibited by law or by the terms of the parties' agreement." (Ps' MOL, p. 9; 9 U.S.C. § 10(a)(4))(internal citations omitted). The reason for Plaintiffs' lack of analysis is obvious – Arbitrator Brown did not exceed his authority and any argument to the contrary is meritless.

13

Importantly, the Second Circuit has "consistently accorded the narrowest of readings" to § 10(a)(4). ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d 81, 85 (2d Cir. 2009) (internal quotation marks omitted). Critically, the relevant inquiry "focuses on whether the arbitrators had the power based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." Westerbeke, 304 F.3d at 220 (internal quotation marks omitted).

In this action, Arbitrator Brown did not exceed his power. First, he had the authority to rule on the MTD on a statute of limitations issue because (a) the Stipulation sets forth that "[t]he Parties hereby stipulate and agree to submit the entire Action to a final and binding arbitration before ADR Systems []" and Plaintiffs did not reserve their rights to argue arbitrability based on unexecuted Arbitration Agreements and (b) the operative Arbitration Agreement explicitly states that "Employee agrees that the arbitrator shall have the power to decide any motions brought by any party to the Arbitration, including any dispositive motions." (Brown Dec., Ex. "1"); see also, Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84-85, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002)(the arbitrator should decide "procedural," "gateway" questions of arbitrability such as applicability of time limitation).

Second, the Arbitrator considered the issues that were presented to him in the MTD (i.e. Defendants requested dismissal of, *inter alia*, Plaintiffs' NYLL claims as time-barred by the SOL Clause and Arbitrator Brown issued the Award upon receipt of the fully briefed motion). Notwithstanding, Plaintiffs include lengthy diatribes as to whether the Award was correctly decided. None of those arguments have any bearing on the analysis under 9 U.S.C. § 10(a)(4) as to whether the Arbitrator had authority to decide the issue.

Accordingly, the Court should not vacate the Award pursuant to 9 U.S.C. § 10(a)(4).[13]

**B.  <u>The "Effective Vindication" of a Statutory Right Is Not A Basis for Vacatur</u>**

Plaintiffs argue that federal courts decline to enforce arbitration agreements which prevent the "effective vindication" of a statutory right which this Court should do. Their reliance on <u>Am Exp. Co. v. Italian Colors Rest.</u>, 570 U.S. 228 (2013); <u>Ragone v. Atl. Video at Manhattan Ctr.</u>, 595 F.3d 115 (2d Cir. 2010); <u>Toure v. Thunder Lube Inc.</u>, 2019 WL 4805197 (E.D.N.Y. 2019); <u>Balderas v. 8 Chelsea Corp.</u>, 2019 WL 3429500 (S.D.N.Y. 2019) is misplaced. These decisions do not support their proposition that the "effective vindication" doctrine is a basis for vacatur of an arbitral award because the threshold issue in each of these cases was whether to enforce arbitration agreements in the first instance.  Here, unlike each of these decisions, the issue at hand is whether to vacate the Award, not whether to enforce an arbitration agreement.

Notably, Plaintiffs never sought to set aside or otherwise invalidate the Arbitration Agreements at any time or in any forum. In contrast, their conduct, (e.g. entering into the Stipulation along with commencing and proceeding in the Arbitration) only solidifies the position that they waived any argument concerning the enforceability of the Arbitration Agreements, and the terms contained therein. It was only after Plaintiffs were faced with the MTD that ultimately resulted in the dismissal of their NYLL claims as time-barred that they changed their tune. In essence, Plaintiffs suffer from buyer's remorse after they agreed to

---

[13] The Motion does not provide any specific argument concerning modification of the Order pursuant to the FAA. Section 11(b) of the FAA authorizes a court to "make an order modifying or correcting" an arbitral award "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C. § 11(b). Here, Plaintiffs style the Motion as a "motion to vacate, or in the alternative to modify" the Award. However, they have not set forth, let alone established, any basis for modification. Assuming *arguendo* that the Motion can be interpreted to request modifications and/or remanding the matter to the arbitrator for additional considerations, all such arguments rest on the same grounds as the vacatur. Accordingly, Plaintiffs have similarly failed to provide any legal reasoning to modify the award pursuant to the FAA. <u>See</u> <u>Matter of Arb. Between Ne. Marine Iron Works & B.S.L. Cruises, Inc.</u>, 1992 WL 349841, at *2 (S.D.N.Y. Nov. 10, 1992) ("[T]o the extent that the relief sought by respondent comes within the categories of modification or correction, it must be denied for the same reasons as the motion to vacate is denied.").

arbitrate their claims pursuant to the terms of the Arbitration Agreement. This is not a basis for the Court to disturb Arbitrator Brown's decision.

Therefore, this argument should be rejected as meritless.[14]

### C. Arbitrator Brown Did Not Engage in A "Manifest Disregard" of the Law

Plaintiffs also seek to vacate the Award on the basis that Arbitrator Brown "selectively ignored critical facts, in manifest disregard of the law." In sum and substance, this argument centers around the Arbitrator's purported ignoring of Plaintiffs' arguments concerning whether they executed the Arbitration Agreements containing the SOL Clause. However, errors in fact do not rise to the level of a "manifest disregard of the law." See Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002)("Given the deference afforded arbitration decisions, this standard requires more than a mistake of law or a clear error in fact finding.").

---

[14] To the extent that this argument can be construed as setting forth arguments concerning other bases to vacate or modify the Award, they otherwise fail.

For example, In the Motion, Plaintiffs include a lengthy argument concerning purported misapplication of the law as a reason they were not afforded effective vindication of their rights. Misapplication of the law is not a basis for vacatur. STMicroelectronics, 648 F.3d at 78 (noting that we will not vacate an arbitral award unless "a party clearly demonstrates that the panel intentionally defied the law" (internal quotation marks omitted).

Notwithstanding, Plaintiffs do not argue that Arbitrator Brown misapplied the law, but that he relied upon distinguishable precedent in which the courts purportedly erred in their decisions to begin with. Specifically, they argue that in upholding the validity of the SOL Clause, Arbitrator Brown inappropriately relied Keller v. About, Inc. 2021 U.S. Dist. LEXIS 86235 (S.D.N.Y. 2021) and Cayetano v. Fed. Express Corp., 19-cv-10619-AT at Dkt. No. 21 (S.D.N.Y. 2022). Plaintiffs then concede that the court in Keller upheld the shortening of the NYLL's six (6) year statute of limitations, but argue, without any support, that the decision's reasoning is wrong because it cites to caselaw concerning NYSHRL claims. This is completely illogical, but at the very least cannot give rise to a misapplication of the law because Keller is binding caselaw. Similarly, Plaintiffs' argument otherwise fails under the "manifest disregard" standard because Arbitrator Brown was not confronted with any precedent ruling that agreements to shorten the NYLL's statute of limitations were not permitted. In fact, his decision was grounded in precedent, i.e. Keller, which stands for the exact opposite – that the SOL clause is enforceable with respect to Plaintiffs' NYLL claims.

Notwithstanding, Plaintiffs concede that there is a large body of precedent, including Keller, permitting agreements to shorten statutes of limitation. They argue, without any legal support, that such agreements are outside the purview of CPLR § 201 which permits agreements to shorten statutes of limitations. This argument is frivolous on its face and the Court should not consider same.

A court may "'set aside an arbitration award if it was rendered in manifest disregard of the law.'" Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 588 (2d Cir. 2016) (internal citation omitted). However, legal error committed by an arbitrator does not serve as a basis for vacating an arbitration award. British Ins. Co. of Cayman v. Water St. Ins. Co., 93 F.Supp.2d 506, 514 (S.D.N.Y.2000)("Arbitration awards are not reviewed for errors made in law or fact.").

To establish manifest disregard of the law, a party seeking to vacate an award must demonstrate that the arbitrator ignored or failed to apply well established law governing the issue that the arbitrator was aware of. Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 202 (2d Cir. 1998)(party seeking vacatur must establish that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit and clearly applicable to the case). The "manifest disregard" doctrine is "severely limited," and "extreme[ly] deferent[ial] to arbitrators." Id. The doctrine is one "of last resort—its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." Id. (internal citation omitted).

Here, there has been no showing that Arbitrator Brown engaged in a manifest disregard of the law. Plaintiffs' argument concerning manifest disregard of the law centers largely around whether they agreed to the SOL Clause, an issue of fact, not an issue of law.  However, errors of fact cannot for the basis to conclude an arbitrator manifestly disregarded the law. See Goldman, 306 F.3d at 1216; see also Siegel v. Titan Indus. Corp., 779 F.2d 891, 892-93 (2d Cir. 1985).

Similarly, Plaintiffs cannot demonstrate a manifest disregard of the law simply because the Arbitrator was unconvinced by their evidence or because they do not like how the arbitrator

applied the applicable law. See Giller v. Oracle USA, Inc., 512 F. App'x 71, 74 (2d Cir. 2013) (Summary Order). Despite this clear standard, this is exactly what Plaintiffs argue.[15]

Cutting through the chaff, Plaintiffs have not set forth any apparent "egregious impropriety" on the part of Arbitration Brown related to the law, rather than the facts. Any such argument would strain credulity if made. Conversely, the Award demonstrates Arbitrator Brown's careful consideration of the issues presented, which is the exact opposite of ignoring and/or refusing to apply the relevant law. For instance, Arbitrator Brown ruled that the parties "have acknowledged the existence of binding Arbitration Agreements in a Stipulation and Order that was so ordered in federal court on April 13, 2022." He further discussed that the Stipulation contained the representation that Plaintiffs "executed certain arbitration agreements" and that the parties agreed to submit the claims to final and binding arbitration. He also noted that Plaintiffs "did not reserve their rights to argue arbitrability based on unexecuted Arbitration Agreements"

---

[15] Plaintiffs attempt to solely argue that Arbitrator Brown ignored certain facts in issuing the Award. For instance, they claim that he disregarded the purported intent behind the Stipulation and that it was simply a means to change the venue of the dispute to arbitration. This position is disingenuous, mischaracterizes the circumstances leading to the Stipulation's execution, and also ignores Plaintiffs' conduct in proceeding with the Arbitration thereafter (e.g. filing the demand for arbitration under the premise that the Arbitration Agreements containing the SOL Clause were the operative agreements). In any event, this cannot give rise to a manifest disregard of the law.

Plaintiffs otherwise assert that Collins is not bound by the SOL Clause because Defendants did not provide his arbitration agreement, which Arbitrator Brown ignored. They also illogically claim that their claims were not untimely if the Stipulation created agreements to arbitrate. Notwithstanding the fact that Collins' arbitration agreement was referenced in the MTD, Arbitrator Brown issued the Award based on his interpretation of the facts and circumstances. Even if he erred, which he did not, the Court has no authority to upset the Award on any issue of fact.

Similarly, Plaintiffs argue, to no avail, that the intent to shorten the statute of limitations for their NYLL claims in the SOL Clause is not clear and unequivocal because it does not explicitly state that failure to file a claim within the six (6) month time period would bar such claims and/or result in waiver. This too is another argument related to an error of fact that is not a basis to find manifest disregard of the law. Even so, Plaintiffs' nonsensical argument would necessitate a finding that no statutes of limitation are ever applicable when silent on the consequences of failing to file a claim within the proscribed time period. However, this argument can be easily disposed with. For example, NYLL § 198 states that "[a]ll employees shall have the right to recover full wages … accrued during the six years previous to commencing of such action …" Nowhere in the aforementioned statute does it state that failure to file within the six (6) year period renders as void any claim beyond that time period. Certainly, it is not the intent of the legislature to permit claims beyond specified statutes of limitations. Instead, it is inherent that failure to file a claim within the required time to do so results in waiver. To rule otherwise in this instance would create a perversion of the law.

in the stipulation. Accordingly, he found that the Stipulation is binding. Arbitrator Brown also noted that the conduct of Plaintiffs (including Collins) preceding the dispositive motion (e.g. filing the demand for arbitration and participating in pre-hearing conferences without objection), "is entirely consistent with their representation in federal court that they executed the Arbitration Agreements."

While Plaintiffs may disagree with how the Arbitrator reached his conclusion, these are not proper grounds for vacating the Award. See Wallace v. Buttar, 378 F.3d 182, 193 (2d Cir. 2004)("[T]he Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award."). Similarly, the Court may not disturb the Arbitrator's credibility or factual findings, even when it may disagree with the credibility determination, because it may not reassess the evidentiary record. Id.; Moorning-Brown v. Bear, Stearns & Co., 2004 U.S. Dist. LEXIS 26279, at *3 (S.D.N.Y. Jan. 5, 2005).

Even if somehow the Award suggested that Arbitrator Brown ignored the law, which it does not, the Court should not vacate the Award because "where an arbitral award contains more than one plausible reading, manifest disregard cannot be found if at least one of the readings yields a legally correct justification for the outcome." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 390 (2d Cir. 2003). As discussed above, it is plausible to read the analysis in the Award applying the applicable law. Indeed, the Arbitrator correctly applied the law to the facts as he found them that Plaintiffs failed to establish that they were not bound by the SOL Clause and that the SOL Clause was enforceable as to NYLL claims. Thus, Plaintiffs' argument does not establish a manifest disregard of the law because it does not demonstrate that the Arbitrator's personal beliefs extended to a refusal to apply the relevant law.

If the Court disagrees with how the Arbitrator analyzed and weighed the evidence, by agreeing to the SOL Clause, "the parties bargained for a decision by the arbitrator, not

necessarily a good one, and that is what they received." <u>St. Mary Home v. SEIU, Dist. 1199, Dist. 1199</u>, 116 F.3d 41, 45 (2d Cir. 1997). The manifest disregard of the law doctrine cannot save Plaintiffs from the implications of their decision.

 **D.**  **<u>The Award Does Not Violate Public Policy</u>**

  As a final hail Mary, Plaintiffs argue that the Award should be vacated because the SOL Clause violates public policy. A Court may vacate an arbitration award on public policy grounds, if the public policy is "well defined and dominant" and, if it is "ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." <u>Schwartz v. Merrill Lynch & Co.</u>, 665 F.3d 444, 452 (2d Cir. 2011). The Second Circuit has "emphasized that the public policy exception must focus on 'result, as opposed to the arbitrator's reasoning,' and may only be invoked in the face of an explicit, not a speculative, conflict." <u>Neshgold LP v. New York Hotel & Motel Trades Council, AFL-CIO</u>, 2013 U.S. Dist. LEXIS 134923, 2013 WL 5298332, at *8 (S.D.N.Y. Sept. 19, 2013)(internal quotations omitted).

  Plaintiffs attempt to manufacture a public policy conflict between the SOL Clause and the NYLL where none exists. Primarily, they argue the SOL Clause "is arguably an impermissible *quid pro quo* as a condition of employment in violation of the anti-kickback provision of Article 6 of the NYLL" (i.e. the conditional relinquishment of their rights to recover damages for unpaid wages for a full six (6) year period contravenes the NYLL's legislative policy "aimed at redressing the **power imbalance** between employer and employee"). More specifically, Plaintiffs request that the Court take a quantum leap to link the fact that they were required to enter into the Arbitration Agreements containing the SOL Clause as a condition of employment as an illegal kickback on the ground that "an employee's right to recover his/her full wages is a 'thing of value' contemplated by NYLL 198-b(2).

However, Plaintiffs cite to zero precedent for their conclusory argument that the SOL Clause violates the NYLL's anti-kickback statute, let alone that such a violation would violate the NYLL's public policy. They solely rely upon cases for the general proposition outlining the NYLL's (a) overarching goal to protect employees from wage violations and (b) six (6) year statute of limitations. See Chu Chung v. New Silver Palace Rest., Inc., 272 F.Supp.2d 314 (S.D.N.Y. 2003); Konkur v. Utica Academy of Science Charter Sch., 38 N.Y.3d 38, 41 (2022). These cases merely addressed whether there was legislative intent to allow employees a private right of action against their employers for conduct outlawed by NYLL 198-b (i.e. illegal kickbacks).[16] Neither decision contains any analysis or discussion related to agreements shortening the NYLL's statute of limitations.

To be clear, the SOL Clause does not violate NYLL 198-b, let alone public policy, because Plaintiffs did not relinquish any right to recover unpaid wages. The only requirement was that they set forth any claim within six (6) months of when it accrued. Although Plaintiffs could have filed their claims in a timely fashion, the SDNY Action was not filed until more than a year after their respective periods of employment ended (i.e. well after the six (6) month time period proscribed by the SOL Clause). Plaintiffs are solely to blame for the delay.[17]

---

[16] The court in Konkur held that there is no private right of action. See also Kloppel v. HomeDeliveryLink, Inc., 2019 U.S. Dist. LEXIS 199891 (W.D.N.Y. 2019)(holding that no private right of action exists).

[17] Moreover, Plaintiffs highlight the NYLL's policy aimed at redressing "power imbalance" between employers and employees. However, they present no analysis or evidence to support this generic statement. Notwithstanding, it is well-settled that "'mere inequality of bargaining power' between employers and employees is not alone sufficient to hold arbitration agreements unenforceable." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991); see also, Mancilla v. ABM Indus, 2020 U.S. Dist. LEXIS 136484, at *23 (S.D.N.Y. 2020) citing Tarulli v. Circuit City Stores, Inc., 333 F. Supp. 2d 151, 156 (S.D.N.Y. 2004) ("[T]he Plaintiff contends that the Agreement is procedurally unconscionable because of the disparity in bargaining power between the Plaintiff, a non-lawyer, individual, and the Defendant, a large corporation. If the Plaintiff's contention were accepted, no non-lawyer, individual could contract with a large corporation without the advice of counsel."). Similarly, courts routinely hold that the "mere fact that an agreement to arbitrate was required as a condition of employment, or continued employment, . . . is insufficient to invalidate the provision." Ciago v. Ameriquest Mortg. Co., 295 F. Supp. 2d 324, 329 (S.D.N.Y. 2003); see also Sablosky v. Edward S. Gordon, Co., 73 N.Y.2d 133, (1989).

Lastly, Plaintiffs argue that the six (6) month period contained in the SOL Clause was unreasonably short. This failed argument that Plaintiffs attempted to advance in the underlying Arbitration has no relevance to any public policy consideration. In fact, it contradicts Plaintiffs' public policy argument because it is predicated on the assumption that they did not relinquish their right to assert NYLL claims, but only agreed to a shortened period to effectuate their rights. Moreover, Plaintiffs fail to cite any precedent establishing that a six (6) month statute of limitations period is unreasonably short with respect to employment-related claims. In contrast, Arbitrator Brown ruled that the SOL Clause did not violate public policy because the shortening of the NYLL statute of limitations to six (6) months has been approved in court and is not substantively unconscionable.  (Mizrahi Ex. "E", p. 10-11, 13). Thus, Plaintiffs' final public policy argument defies logic since it ignores the overwhelming breadth of precedent upholding agreements shortening the statute of limitations for employment-related claims to six (6) months as reasonable. See Keller v. About, Inc., 2021 U.S. Dist. LEXIS 86235 (S.D.N.Y. May 5, 2021)(enforcing arbitration agreement shortening the statute of limitations of employment-related claims to 6 months where plaintiff asserted, inter alia, NYLL claims, reasoning that "New York courts … enforce contract provisions shortening the limitations for brining any claim against a party" where the "shortened statute of limitations … is reasonable and agreed to by contract" and also opined that several courts have upheld a 6 month limitations periods as reasonable for employment claims)[18]; Boss v. Am. Express Fin. Advisors, Inc., 15 A.D.3d 306 (1st Dept 2005) (holding that shorter statute of limitations in employment agreement applied to NYLL claim); John J. Kassner & Co. v. City of New York, 46 N.Y.2d 544 (1979)(holding that agreement to shorten statute of limitations was enforceable pursuant to CPLR § 201 in action for

_____

[18] Keller is binding and the court made no distinction between agreements to shorten the NYLL and NYSHRL statute of limitations.

money allegedly owed for work performed); <u>Jamaica Hosp. Med. Ctr. V. Carrier Corp.</u>, 5 A.D.3d 442, 443 (2nd Dept 2004); <u>Structural Contr. Servs., Inc. v URS Corp. - N.Y.</u>, 31 Misc 3d 1208(A), 929 N.Y.S.2d 203 (Sup Ct, Westchester County 2011)(holding that courts regularly enforce contractual statute of limitations clauses); <u>Hunt v. Raymour & Flanigan</u>, 105 AD3d 1005 (2d Dept 2013) (holding plaintiff's contentions that the shortened limitations period set forth in the employment application was not applicable or was unenforceable are without merit); <u>Kasraie v. Jumeirah Hospitality & Leisure (USA), Inc.</u>, 2013 US Dist LEXIS 147805, at *17-18 (S.D.N.Y. Oct. 10, 2013); <u>Patterson-Priori v. Unum Life Ins. Co. of Am.</u>, 846 F. Supp. 1102, 1105 (E.D.N.Y. 1994)(internal citations omitted). In addition, even assuming *arguendo* that Arbitrator Brown ruled based on an error in law, which he did not, this is not a basis for vacatur. <u>See</u> <u>British Ins. Co. of Cayman,</u> 93 F.Supp.2d at 514.

Based on this well-reasoned analysis, nothing in the Award suggests that the result is contrary to public policy. Accordingly, Plaintiffs equitable public policy argument, which is not grounded in law, should be rejected. [19]

**CONCLUSION**

WHEREFORE, Defendants respectfully request that Plaintiffs' Motion to Vacate the Award be denied in its entirety.

Dated: Lake Success, New York
      December 21, 2022             **MILMAN LABUDA LAW GROUP PLLC**

                                    <u>/s Matthew A. Brown, Esq.</u>
                                      Matthew A. Brown, Esq
                                      3000 Marcus Avenue, Suite 3W8
                                      Lake Success, NY 11042-1073
                                      (516) 328-8899 (office)

---

[19] Plaintiffs set forth a vague and ambiguous argument that Coombs and Mayo "may have overtime wages that accrued more than six (6) months prior to the date of the agreement." This nonsensical argument is shattered by the fact that both individuals waited way longer than six (6) months after their respective periods of employment ended to file any claims. At best, Plaintiffs' argument otherwise sets forth an error in fact, which as discussed herein is not a basis to vacate the Award.

(516) 328-0082 (facsimile)
matt@mllaborlaw.com